## ANGELO MOLINARI *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 12480
AT STAMFORD

Memorandum filed October 31, 1968

No appearance for the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, for the defendant administrator.

MACDONALD, J. The undisputed facts of this case are that the plaintiff, age seventy-one years, last worked in 1967, was not working during the winter of 1967–68, and applied for a retirement pension, administered by his union but financed by his employer, which, in the amount of $63 per month, was first paid to him in March, 1968. The plaintiff also thereafter received $110 per month from social security.

After a period of nonemployment, the plaintiff filed a claim for unemployment benefits which was denied by the administrator because it was determined that the plaintiff's termination of employment constituted a retirement under the provisions of Public Acts 1967, No. 790 § 14 (9). General Statutes § 31-236 (9). This amendment to the disqualification statute, § 31-236, is simple in application notwithstanding an apparent complexity in the language employed. Simply stated, if it is found that the employee has retired and that the retirement was voluntary, he is disqualified from receiving unemployment benefits until he has been paid a certain amount of wages determined by formula. There are four exceptions to this disqualification which are not material to this case.

On appeal by the plaintiff from the denial of benefits, the commissioner found that the plaintiff had not retired from his job but that "he simply, during a period of unemployment, because of his age, de-

cided to get some extra money from the pension fund," that "at the first opportunity he returned to work," and that "this is not the retirement contemplated by that provision of the statute." The commissioner, therefore, declared the plaintiff eligible to receive benefits and reversed the administrator's denial of them.

It would appear that the principal, if not only, question here is as to the meaning of the word "retire." As previously stated by this court in *State ex rel. Levine* v. *Lee,* 21 Conn. Sup. 116, 118, "In the popular sense, to retire means that at least part of the motive power creating the resulting situation originated in the person whose status is changed. 'Children are put to bed, adults retire.' "

Here, the plaintiff voluntarily requested payment from his union pension fund and applied for and received social security retirement benefits. He then perfected voluntarily his retirement status and removed himself, at that time, from the labor market. The decision of the commissioner is inconsistent with the subordinate facts found by him and is not in harmony with such existing Connecticut law as we have on the subject of retirement.

The appeal is sustained and the case remanded to the unemployment commissioner with instructions to vacate the award.